GENERAL COURT, MAY TERM, 1802.

### KIRKPATRICK's Lessee *vs.* KYGER.

May 1802

Kirkpatrick
vs
Kyger

*Where a grant of land contained the following descriptions, beginning at a bounded white oak standing about 20 perches on the E side of Anteeatum, running thence N, &c (twelve courses), then S. 84 degrees W 243 perches, to the end of 73 perches on the fourth line of Good Luck, then with said land reversed S. 2¼ degrees W. 73 perches, S. 82 degrees W. 46 perches. N. 58 degrees W 75 perches, then S 73 degrees W 20 perches, &c Held, that the true location of the grant was to run the course S. 28 degree W. 73 perches, reversed with Good Luck, then course and distance according to the expressions in the grant*

EJECTMENT for a tract of land called *Dickson's Pleasure,* lying in Washington county. The defendant took defence on warrant, and plots were returned.

At the trial the plaintiff offered in evidence the certificate of the land called *Dickson's Pleasure,* surveyed the 1st of March 1760, and a grant thereof to *Michael Kirkpatrick,* dated the 7th of October 1760, describing the same as "beginning at a bounded white oak, standing about 20 perches on the east side of Anteeatum, running thence N." &c. &c. the thirteenth course is "S. 84° W. 243 perches, *to the end of 73 perches on the fourth line of Good Luck,* then *with said land reversed S.* 28° *W.* 73 *perches, S.* 82° *W.* 46 *perches, N.* 58° *W.* 75 *perches,* then *S.* 73° *W.* 20 *perches,*" &c. &c. The tract of land called *Good Luck* was surveyed the 20th of September 1742, for *Daniel Dulany,* and granted to *Jacob Funk* on the 28th of February 1753, beginning at a bounded white oak standing on the west side of Anteeatum, within 10 perches thereof, and running N. 30° E. 84 perches, then N. 73° E. 54 perches, then S. 140 perches, and then by a straight line to the beginning tree, containing 50 acres.

*Shaaff,* for the defendant, contended, that the plaintiff had not located *Dickson's Pleasure* on the plots, according to the grant. That the defendant had counterlocated the plaintiff's location. The expression in the grant is *S.* 82° *W.* 46 *perches,* and the line cannot be elongated, whereas the plaintiff has located it N. 121 perches. The true meaning of the grant is to reverse only one line of *Good Luck;* and if it is reversed, the length of line cannot be exceeded. There is no call in the grant to authorise the extension of the line. As there is a variance between the grant and the location on the plots, the plaintiff must fail to recover. His evidence does not support his location.

*Mason* and *J. Buchanan*, for the plaintiff, contended, that there was a call in the grant of *Dickson's Pleasure* which must be gratified. That the line must continue to run with the land two courses, which will spend the number of perches. That all the locations on the plots were admitted, but *Dickson's Pleasure*, and that the expressions used in the grant of that land, must be gratified.

CHASE, Ch. J. The court are of opinion that the true construction of the grant of *Dickson's Pleasure* is to run the course *S.* 28° *W.* 73 *perches* reversed with *Good Luck*, then course and distance according to the expressions in the grant.

A juror was then withdrawn, and leave given to amend the plots, on payment of the costs of the term.